UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON MCNAMEE,

                Plaintiff,

        v.

STARBUCKS COFFEE CO.,

                Defendant.
_____

DECISION & ORDER

10-CV-6508CJS

        By order dated February 16, 2011, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 6).  *Pro se* plaintiff Sharon McNamee has filed this lawsuit against defendant under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Americans with Disabilities Act, alleging that defendant discriminated against her on the basis of her sex, age and disability.  (Docket # 1).  Currently before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 10).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases.  However, under 42 U.S.C. § 2000e-5(f)(1), a court may appoint an attorney to represent a complainant in a Title VII action.  *See*, *e.g.*, *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004).  Such assignment of counsel is clearly within the judge's discretion.  *Id.*  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Here, plaintiff seeks counsel on the basis that she cannot afford counsel. For the purposes of this motion, the Court will accept plaintiff's representation that she is unable to

afford private counsel. The Court is unable to ascertain, however, at this early stage of the litigation whether plaintiff's claims likely have merit. In any event, plaintiff has failed to demonstrate that her case is complex or that she will be unable to litigate adequately this case without assistance of counsel. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel **(Docket # 10)** is **DENIED without prejudice** at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       April   15  , 2011